



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ESTATE OF JIM GARRISON, et al., | ) | CASE NO. CV95-8328-RMT(SHx) |
| | ) | |
| Plaintiffs, | ) | ORDER RE MOTION BY DEFENDANT |
| | ) | WARNER BROS. FOR PARTIAL |
| vs. | ) | SUMMARY JUDGMENT AND ALL |
| | ) | OTHER DEFENDANTS FOR SUMMARY |
| WARNER BROS., et al., | ) | JUDGMENT OR PARTIAL SUMMARY |
| | ) | JUDGMENT |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on a motion by defendant WARNER BROS. for partial summary judgment and by all remaining defendants for summary judgment or, in the alternative, for partial summary judgment. The court, having considered the pleadings and other documents filed herein, makes the following determinations:

[1]    The first four claims in the complaint of plaintiff, THE ESTATE OF JIM GARRISON ("GARRISON"), allege violations of federal and California antitrust laws. The tenth claim seeks injunctive relief. Claims five through nine are state law claims asserted only against WARNER BROS. WARNER BROS. and remaining defendants (collectively "DEFENDANTS") seek to summarily adjudicate claims one through four and ten on three grounds: (1) that GARRISON, lacks standing to bring suit for an antitrust injury; (2) that GARRISON has not suffered an antitrust injury because he is not a direct seller; and (3) that the applicable statutes of limitations bar GARRISON's antitrust claims.

[2]    In order to prevail on a motion for summary judgment pursuant to FED. R. CIV. P. 56, WARNER BROS. and remaining defendants (collectively "DEFENDANTS") must demonstrate that "the pleadings, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56

[3]    Summary judgment in favor of a moving party is warranted where, viewing the facts and evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997); *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995).

[4]    To determine whether GARRISON has standing to bring an antitrust claim, this court relies on the factors set forth in *Eagle v. Star-Kist Foods, Inc.*, 812 F.2d 538, 540 (9th Cir. 1987) and *In re Air Passenger Computer Reserv. Sys.*, 727 F.Supp. 564, 567 (C.D. Cal. 1989), *aff'd*, 948 F.2d 536 (9th Cir. 1991), *cert. denied*, 503 U.S. 977 (1992): (1) the "nature of plaintiff's injury," (2) the "directness of the injury," (3) the "speculative measure of the harm," (4) the "risk of duplicative recovery," (5) the "complexity in apportioning damages," and (6) the "existence of more direct victims." *See Eagle*, 812 F.2d at 540 (factors 1-5); *In re Air Passenger Computer Reserv. Sys.*, 727 F. Supp. at 567 (factor 6).

[5]    This court finds that DEFENDANTS have not carried their burden of establishing that GARRISON lacks standing to bring a claim for antitrust violations for the following reasons: (1) GARRISON has alleged an injury that antitrust law was intended to forestall because he was in the "same market as the 'alleged malfactors,'" *see Eagle*, 812 F.2d at 540 (quoting *Bhan v. NME Hospitals, Inc.*, 772 F.2d 1467, 1470 (9th Cir. 1985)), and because he has alleged that he received less from the contract than if there was unrestricted competition, *see Blue Shield of Virginia v. McCready*, 457 U.S. 465, 483-84 (1982); (2) DEFENDANTS' have not established that GARRISON's claimed injury flowed through OLIVER STONE ("STONE"), as they suggest, (i.e., DEFENDANTS have not established that pursuant

to the GARRISON/STONE contract GARRISON is not the direct recipient of the "net profits" as defined by WARNER BROS.); (3) DEFENDANTS have not demonstrated that the measure of harm is speculative (i.e., DEFENDANTS have not demonstrated that the alleged harm cannot be ascertained by looking at the percentage of the "net profits" GARRISON was to receive and then determining what the "net profits" were, had a different definition of the term been used); (4) DEFENDANTS have not shown a risk of duplicative recovery (i.e., DEFENDANTS have not shown that someone other than GARRISON may collect "net profits" under the GARRISON/STONE contract); (5) DEFENDANTS have not demonstrated that the apportionment of damages is complex, (i.e., DEFENDANTS have not established that GARRISON is not the only allegedly injured complainant with a right to a percentage of "net profits" pursuant to the GARRISON/STONE contract); and (6) DEFENDANTS failed to establish that more direct victims exist. The court, therefore, finds that summary judgment or partial summary judgment in favor of DEFENDANTS is unwarranted.

[6]     Next, DEFENDANTS' argue GARRISON has not suffered an antitrust injury because he is not a direct seller. The rule in *Illinois Brick Co. v. Illinois*, precludes an antitrust action by an indirect purchaser against a seller. 431 U.S. 720, 746 (1977). Similarly, this court finds that the same rule may be applied to an indirect seller against a purchaser.

[7]     DEFENDANTS, however, have not established that GARRISON was not a direct seller to WARNER BROS. pursuant to the GARRISON/STONE contract or that the danger of double recovery exists. Thus, DEFENDANTS' motion fails on this ground as well.

[8]     "A cause of action in antitrust accrues each time a plaintiff is injured by an act of the defendant and the statute of limitations runs from the commission of the act." *Pace Industries v. Three Phoenix Co.*, 813 F.2d 234, 237 (9th Cir. 1987). At the time the GARRISON/STONE contract was entered into, the definition of "net profits" to be applied had not yet been determined. The parties have not provided the court with a copy of the agreement between STONE and WARNER BROS. which, it appears, may provide the definition of "net profits" and, therefore, the accrual date of the statute of limitations. Accordingly, this court lacks facts sufficient to determine the accrual date of the antitrust

action at bar.

[9]    A court may order a continuance of a motion for summary judgment or partial summary judgment to allow further discovery to be conducted so a party may adequately oppose the motion with facts essential to justify the party's opposition. FED. R. CIV. P. 56(f). The denial of a Rule 56(f) application is "generally disfavored where the party opposing summary judgment makes (a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Visa International Service v. Bankcard Holders*, 784 F.2d 1472, 1475 (9th Cir. 1986).

[10]    This court finds it necessary to continue this motion for summary judgment until discovery can be conducted on the limited issues of whether there was fraudulent concealment of the alleged conspiracy and when the alleged conspiracy was conceived and implemented. Hence, additional discovery and further briefing on the limited issues of accrual and fraudulent concealment may fully resolve the statute of limitations issue.

IT IS ORDERED that motion by defendant WARNER BROS. for partial summary judgment and by all remaining defendants for summary judgment or, in the alternative partial summary judgment is hereby DENIED, in part, as to DEFENDANTS' claim that GARRISON has no standing or antitrust injury, and hereby CONTINUED with respect to the statute of limitations issue.

IT IS FURTHER ORDERED that discovery is reopened until March 8, 1999 limited to the issues of accrual of the statute of limitations and the alleged fraudulent concealment of the conspiracy.

///

///

///

///

///

IT IS FURTHER ORDERED that plaintiffs file a supplemental opposition in support of their position on the statute of limitations issue no later than March 22, 1999, and DEFENDANTS file their reply thereto no later than April 12, 1999.

DATED: _____1/21/99_____

ROBERT M. TAKASUGI
United States District Judge